UNITED STATES of America, Appellee,

v.

Ray Anthony McDOUGALD, Appellant.

No. 80–5185.

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1981.

Decided June 9, 1981.

Joseph R. Lassiter, Jr., Norfolk, Va. (Hofheimer, Nusbaum, McPhaul & Brenner, Norfolk, Va., on brief), for appellant.

J. Phillip Krajewski, Asst. U. S. Atty., Norfolk, Va., (Justin W. Williams, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and ANDERSON *, District Judge.

PER CURIAM:

Ray Anthony McDougald was convicted of stealing, forging, and passing a U. S. Postal Service money order in violation of 18 U.S.C. § 1708 and § 500. He contends that the district court improperly instructed the jury on two points. We hold that the jury instructions were proper and the trial was otherwise free from error, and we affirm.

McDougald, a Navy enlisted man, was a postal clerk aboard the *USS Guadalcanal.* His duties included issuing and cashing money orders, sorting mail, and selling stamps. On a day when McDougald was working, a sailor aboard the ship purchased a $100 money order which he then mailed to his parents. When they did not receive it, the postal authorities investigated and found that the money order had been cashed aboard the *Guadalcanal* on the day it was purchased. A trial by jury resulted in guilty verdicts on all three counts.

---

* Honorable G. Ross Anderson, United States District Judge for the District of South Carolina, sitting by designation.

In the course of being interviewed by a postal inspector, the defendant made certain exculpatory statements. At trial, evidence was offered by the government to show that these statements were false and that the defendant knew they were false when he made them.

First: The defendant denied forging the endorsement on the money order. The government's handwriting expert compared defendant's handwriting exemplars with the questioned endorsement and opined that they were written by the same hand.

Second: The defendant, after examining the money order, said he sold and cashed it. Later he said someone else may have sold or cashed it. The evidence at trial left no reasonable alternative to his having sold it.

Third: During the interview, defendant said he may not have known the sailor who bought the money order on the day in question. At trial, defendant admitted he knew the sailor on that day.

The district court instructed the jury that an exculpatory statement made by a defendant and found to be untrue could be considered evidence of a defendant's consciousness of guilt. McDougald asserts that the court erred in giving this instruction. We think the instruction was proper. Such instructions have long been accepted by the courts. *Wilson v. United States*, 162 U.S. 613, 620–1, 16 S.Ct. 895, 898–99, 40 L.Ed. 1090 (1896). While general denials of guilt later contradicted are not considered exculpatory statements, any other exculpatory statement which is contradicted by evidence at trial justifies the giving of this jury instruction. *United States v. Bear Killer*, 534 F.2d 1253, 1260 (8th Cir. 1976). The statements made to the postal inspector were more than general denials of guilt; these were statements of fact later contradicted at trial.

The second instruction was the trial judge's explanation that an expert might receive the necessary training and expertise *to be an expert in a number of different ways, including everyday experience.* McDougald argues that the district court's reference to practical experience weighted the expert witness instruction in the government's favor. Citing *United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979), the defendant further asserts that jury instructions must be balanced and that this instruction was not. We think the court properly phrased the instruction. The defense strongly attacked the qualifications of the government expert, and the judge's instruction merely gave the jurors a benchmark to use in examining those qualifications. Given the discretion allowed the district court in the admission of expert testimony, we believe this instruction is well within the scope of the court's powers.

*AFFIRMED.*