**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4514

HOWARD L. SMITH, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-341)

Submitted: July 30, 1999

Decided: August 31, 1999

Before ERVIN and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Jenkins, Jr., BRODNAX & JENKINS, P.L.C., Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Dan-
iel L. Bell, III, Assistant United States Attorney, Robert C. Erickson,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Howard L. Smith, Jr., appeals his convictions for second degree murder, in violation of 18 U.S.C. § 1111 (1994), and prisoner possession of a shank in violation of 18 U.S.C. § 13 (1994) (assimilating Va. Code Ann. § 53.1-203(4) (Michie 1998)). Smith challenges the district court's denial of his Fed. R. Crim. P. 29 motion with respect to his prisoner possession of a shank conviction and the district court's decision to instruct the jury regarding false exculpatory statements. Smith also advances two assignments of error with respect to the district court's sentencing. Smith contends that the court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1, and imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Because we find no merit to Smith's appeal, we affirm his conviction and sentence.

Smith argues that the district court erred in denying his Fed. R. Crim. P. 29 motion because the Government had failed to prove that his possession of the shank was unauthorized. See 18 U.S.C. § 13 (assimilating Va. Code Ann. § 53.1-203(4)). Smith contends that the Government's case only established that he worked as a tailor in the prison and that another inmate saw Smith in possession of a pair of scissors on the day of the murder. As a result, Smith suggests that the Government failed to establish that his possession of the scissors was unauthorized. This Court reviews the denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; United States v. Glasser, 315 U.S. 60, 80 (1942); United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3376 (U.S. Feb. 22, 1999) (No. 98-852). Because testimony in the record tended to prove that no prisoner was authorized to possess scissors outside of the Control Center, there was substantial evidence to support the verdict in this case. See Glasser, 315 U.S. at 80.

2

In suggesting that the district court's instruction on false exculpatory statements was not supported by the evidence at trial, Smith neglects to address a correctional officer's testimony regarding Smith's false statement that he had been in the Control Center cuffing the officer's pants, when in fact the pants were never altered. Smith's story was untrue and tended to be exculpatory in that it placed Smith in a different place than where the murder occurred. See United States v. McDougald, 650 F.2d 532, 533 (4th Cir. 1981). Consequently, the evidence adduced at trial supported the jury instruction. There is no merit to this contention.

With respect to Smith's assignments of error regarding his sentencing, the district court correctly found that Smith's prior first-degree murder conviction and separate assault with a dangerous weapon conviction were unrelated for the purpose of determining whether Smith was a career offender under U.S.S.G. § 3B1.1. The two convictions were neither consolidated for trial or for sentencing and were not therefore related as defined in the Guidelines. See U.S.S.G. § 4A1.2, comment. (n.3). Finally, the evidence of Smith's unsuccessful attempts at convincing correctional officers and Federal Bureau of Investigation agents alike that he was in the Control Center at the time he was attacking his victim in the prison yard amply supports the imposition of a two-level enhancement for the obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n.4(g)).

Accordingly, Smith's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3