UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLARD LEE ACKLIN,

*Defendant-Appellant.*

No. 03-4041

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-02-22)

Submitted: June 23, 2003

Decided: August 1, 2003

Before LUTTIG, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William G. Duke, BLOUNT & DUKE, Greenville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a jury trial, Willard Lee Acklin was convicted of possession of firearms by a convicted felon and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000); 18 U.S.C.A. § 924(e)(1) (West Supp. 2003). The district court imposed concurrent sentences of 262 months. Acklin appeals from his conviction and sentence. We affirm.

Acklin first argues that the district court erred in allowing the Government to introduce into evidence a recorded telephone conversation to which Acklin was a party. The district court found that Acklin consented to the recording of his phone calls, and therefore the interception of this conversation was not in violation of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. §§ 2510-22 (West 2000 & Supp. 2003) (Title III). *See* 18 U.S.C. § 2511(2)(c) (providing that interception of communication is not unlawful where "one of the parties to the communication has given prior consent to such interception").

Based on the statement in the inmate handbook that Acklin received upon entering the Pitt County Detention Facility and Acklin's signature on an Inmate Medical Screening Report, which provided that, as a condition to using the inmate phone system, the inmate consents to the recording and/or monitoring of his calls, we find no clear error by the district court in finding that Acklin consented. *See United States v. Hammond*, 286 F.3d 189, 192-94 (4th Cir.), *cert. denied*, 123 S. Ct. 215 (2002) (applying consent exception to telephone calls from prisons).

Acklin next argues that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to show that he "possessed" either the firearms or the ammunition. Tak-

ing the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80 (1942), we find that the evidence was sufficient to support a verdict and that the district court did not err in denying the motion for judgment of acquittal. Two firearms and ammunition for these and other weapons were discovered during a search of a locked bedroom in the trailer at Lot 8 in the Cool Acres Mobile Home Park on January 25, 2002. Acklin had a key to this bedroom, admitted that he maintained possessions in that room, and had personal papers in the room. Although Acklin asserted that he was not living there at the time of the search, evidence was presented that placed Acklin at the residence on January 7, 2002, and also on January 13, 2002. Additionally, Acklin referred to the Cool Acres property as his home, and he admitted to possession of the firearms in a phone call he made to the Sheriff's Office to inquire about the seizure of the guns.

Also, evidence was presented that Acklin convinced a former and a current girlfriend to provide false exculpatory statements for him to corroborate false statements he made to investigators. We find that the evidence of Acklin's dominion and control over access to the locked room in which the firearms and ammunition were found, and his provision and procurement of false exculpatory statements amounted to sufficient evidence that Acklin "'exercised, or had the power to exercise, dominion and control over the [firearms and ammunition].'" *United States v. Gallimore*, 247 F.3d 134, 137 (4th Cir. 2001) (quoting *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997)); *see United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981) (allowing consideration of false exculpatory statement as evidence of consciousness of guilt). Accordingly, we agree with the district court's ruling that, based on this evidence, a rational trier of fact could find beyond a reasonable doubt that Acklin possessed the firearms and the ammunition found in the locked bedroom. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996).

Next, Acklin contends that application of the armed career criminal sentencing enhancement violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the predicate felonies were not alleged in the indictment and found by the jury beyond a reasonable doubt. We have previously rejected a similar argument and conclude that Acklin's assertion of error is without merit. *See United*

*States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir.), *cert. denied*, 536 U.S. 931 (2002).

The next issue that Acklin asserts is that the district court plainly erred in imposing a four-level enhancement based on its finding that Acklin possessed the firearms and ammunition in relation to drug trafficking activities. Because he failed to raise this objection at sentencing, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). As Acklin acknowledged in his brief, his sentencing as an armed career criminal—with an offense level higher than his adjusted offense level of 32—renders moot his challenge to the four-level enhancement for possession of firearms in connection with drug trafficking. Because application of this enhancement does not affect Acklin's substantial rights, we find that, even if we assume that the enhancement was erroneous, it cannot constitute plain error which this court would exercise its discretion to correct. *See id.*

Acklin's assertion that the enhancement results in impermissible double counting, and his reliance on *United States v. Vincent*, 20 F.3d 229 (6th Cir. 1994), is erroneous. Vincent was convicted of a different offense and was sentenced pursuant to a different guideline provision. The provision under which Acklin was sentenced, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2001), expressly *requires* an enhancement if the firearms or ammunition were "used or possessed [ ] in connection with another felony offense." *Id.* Also, because at sentencing, Acklin withdrew his objection to the sufficiency of the evidence supporting the enhancement, Acklin has waived any claim of error on this issue. *See United States v. David*, 83 F.3d 638, 641 n.5 (4th Cir. 1996).

Lastly, Acklin contends that the district court erred in sentencing him as an armed career criminal. He asserts that the district court's determination of his offense level and criminal history category was plainly erroneous because there was insufficient evidence that the firearms and ammunition were possessed in connection with drug trafficking activities. Because Acklin failed to raise this objection at sentencing, this court's review is for plain error. *See Olano*, 507 U.S. at 732.

The probation officer recommended that Acklin's offense level and criminal history be determined based on the finding that the firearms

and ammunition were possessed in connection with drug trafficking activities. Acklin did not object to this recommendation, and the district court adopted it. Absent "an affirmative showing the information [in the presentence report] is inaccurate, the court is 'free to adopt the findings [ ] without more specific inquiry or explanation.'" *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (quoting *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir. 1990)). Because Acklin did not attempt to show that the finding that the guns and ammunition were possessed in connection with drug trafficking activities was inaccurate, as was his burden, *Terry*, 916 F.2d at 162, the district court did not commit error, much less plain error, in adopting the probation officer's recommendation in this regard. *See Olano*, 507 U.S. at 732.

In conclusion, we affirm Acklin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*