**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4741**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MORENO STRACCIALINI,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:09-cr-00464-PJM-1)

———————

Submitted:  July 18, 2012         Decided:  July 23, 2012

———————

Before GREGORY, AGEE and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert C. Bonsib, MARCUSBONSIB, LLC, Greenbelt, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Jonathan
Biran, Appellate Chief, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

## I.

Moreno Straccialini and his wife planned to open a Korean barbeque restaurant in Lusby, Maryland. The Appellant leased a space and solicited construction bids, and after receiving several, he discussed his options with Sandra Wyatt, an acquaintance who was advising him about the restaurant. Looking to save money, the Appellant entered into a contract with Wyatt to have her do the construction herself for $145,000. At this time, the Appellant was experiencing severe financial difficulty: he had taken out an $800,000 mortgage on his $580,000 home, had substantial credit card debt, and owed thousands in monthly lease payments for the restaurant.

Unable to secure a private-sector loan for the construction of his restaurant, the Appellant applied for a Small Business Administration ("SBA") loan, submitting an application to Newtek, a private lender affiliated with the SBA. Wyatt and the Appellant agreed that the Appellant would falsely state on his loan application that the construction costs totaled $295,000, rather than the $145,000 the two had previously agreed on. Wyatt produced a forged contract to Newtek, and she and the Appellant agreed that when the SBA approved the loan and sent the extra $150,000 to Wyatt, Wyatt

2

would remit the extra funds to the Appellant. The loan was approved and Wyatt transferred the funds. The Appellant used the money to pay off loans from family members and credit cards, fund a retirement account, and cover personal expenses.

The scheme was eventually uncovered and the Appellant was charged with conspiracy, making false statements, and making false statements to the SBA. At trial, the Appellant testified that the construction contract was for $295,000, the amount indicated on the loan application. He disputed the authenticity of an email message sent between Wyatt and himself which indicated that Wyatt had been "paid in full" after she received $145,000. During cross examination, the Appellant said -- for the first time -- that he had given his defense attorney a different version of the same email message and would produce it to the Government during a break in his testimony. The defense produced the document during a brief recess shortly before the cross-examination was completed. The Appellant was then re-directed on issues not directly related to the email, and on re-cross the Government confronted him with evidence that the email message was fabricated.

Appellant was found guilty and sentenced to 30 months' imprisonment plus three years of supervised release. He timely appeals.

II.

The Appellant makes five claims of error on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We reject each of them and affirm the conviction and sentence.

A.

The Appellant claims that the district court erred in permitting the Government to re-cross him on the issue of whether the email he provided on cross-examination was a forgery. This issue is reviewed for abuse of discretion. United States v. Caudle, 606 F.2d 451, 458 (4th Cir. 1979). Federal Rule of Evidence 611 states, "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination." FED. R. EVID. 611(b). Here, the forgery question clearly related to the witness's credibility.

B.

The Appellant next contends the district court erred in denying his motion for judgment as a matter of law. This issue is reviewed de novo. United States v. Romer, 148 F.3d

4

359, 364 (4th Cir. 1998). The question is whether a reasonable fact finder could find the defendant guilty after "viewing the evidence . . . in the light most favorable to the Government." United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). The district court correctly found that there was sufficient evidence to convict. The Appellant only challenges the materiality element of the false statements convictions. A false statement is material if it had a "natural tendency to influence, or was capable of influencing, the decision . . . ." Kyngys v. United States, 485 U.S. 759, 770 (1988) (internal quotations marks & citations omitted). "It is irrelevant whether the false statement actually influenced or affected the decision-making process." United States v. Sarihaifard, 155 F.3d 301, 307 (4th Cir. 1998). The defendant's false statement that he had a construction contract for $295,000, when the contract was actually for $145,000, is material. The amount of a requested loan is straightforwardly material to whether the loan will be approved. Moreover, concealing the fact that the Appellant planned on having his contractor kick back $150,000 of the loan proceeds would plainly be relevant to the borrower's decision.

5

C.

The Appellant further claims that the district court's failure to provide a reasonable doubt jury instruction requires reversal. As the Appellant recognizes, this Court has already ruled that it is improper to give a reasonable doubt instruction unless the jury requests it. United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995).

D.

The Appellant next argues that the district court improperly instructed the jury that if it found the Appellant forged the email, it could consider that fact as evidence of his consciousness of guilt. On this issue the abuse of discretion standard applies. Romer, 148 F.3d 359. The district court's instruction was proper. The Appellant does not dispute that the evidence was admissible, but suggests that because the Government, rather than the defense, introduced the allegedly false email, no falsification-of-evidence instruction should have been given. The Appellant cites no case law suggesting this was improper, and this Court has long recognized that a trial court may advise the jury that an "exculpatory statement made by a defendant and found to be untrue could be considered evidence of a defendant's consciousness of guilt." United States v. McDougald, 650 F.2d 532, 533 (4th Cir. 1981).

6

E.

Finally, the Appellant contends the district court erred in its sentencing with respect to the calculation of the loss that resulted from the offense. The court found the Appellant intended a $150,000 loss and rejected the Appellant's contention that it should have instead used the $97,000 in actual losses. In reviewing a district court's calculations of the federal sentencing guidelines, questions of law are reviewed de novo and findings of fact for clear error. United States v. King, 673 F.3d 274, 281 (4th Cir. 2012). Under the sentencing guidelines, loss is computed as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1(b)(1). The district court found that while the actual loss may have been $97,000, the intended loss was the difference between the actual construction contract and the false contract submitted to Newtek -- $145,000 - $295,000, or $150,000. Because the intended loss is greater than the actual loss, the district court did not err in using the $150,000 figure.

III.

For the reasons discussed above, we affirm the Appellant's conviction and sentence.

AFFIRMED

7